

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED MAR 15 2007 CHAMBERS OF JUDGE GRIESA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

MELVYN C. GOLDSTEIN

        Defendants.

07 CV 2199 (TPG)

C.A. No. _____

RECEIVED MAR 15 2007 CHAMBERS OF JUDGE GRIESA

# 07 0500

## FINAL JUDGMENT AS TO DEFENDANT MELVYN C. GOLDSTEIN

The Securities and Exchange Commission having filed a Complaint and Defendant Melvyn C. Goldstein ("Defendant Goldstein") having entered a general appearance; consented to the Court's jurisdiction over Defendant Goldstein and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Goldstein, Defendant Goldstein's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any

means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Goldstein is prohibited, following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Goldstein is liable for disgorgement of $38,308, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,882.31, and a civil penalty in the amount of $38,308 pursuant to the Insider Trading and Securities Fraud Enforcement Act of 1988, 15 U.S.C. § 78u-1(a). Defendant Goldstein shall satisfy this obligation by paying $81,498.31 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Goldstein as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Goldstein shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Simultaneously with the payment, copies of the certified check, bank cashier's check, or United States postal money order, as well as any correspondence, shall be transmitted to David Markowitz, Assistant Regional Director, United States Securities and Exchange Commission, 3 World Financial Center, Room 4300, New York, New York 10281.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Melvyn C. Goldstein is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Goldstein shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 15, 2007

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

MELVYN C. GOLDSTEIN

        Defendant.

C.A. No. 07 cv 2199

## CONSENT OF DEFENDANT MELVYN GOLDSTEIN

1. Defendant Melvyn C. Goldstein ("Defendant Goldstein") waives service of a summons and complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant Goldstein and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant Goldstein admits), Defendant Goldstein hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant Goldstein from violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

    (b)    orders Defendant Goldstein to pay disgorgement in the amount of $38,308.00, plus prejudgment interest thereon in the amount of $4,882.31, for a total of $43,190.31; and

  (c)  orders Defendant Goldstein to pay a civil penalty in the amount of $38,308.00 under the Insider Trading and Securities Fraud Enforcement Act of 1988, 15 U.S.C. § 78u-1(a).

3. Defendant Goldstein agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant Goldstein pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant Goldstein further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant Goldstein pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant Goldstein waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant Goldstein waives the right, if any, to appeal from the entry of the Final Judgment.

6. Defendant Goldstein enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant Goldstein to enter into this Consent.

7. Defendant Goldstein agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant Goldstein will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant Goldstein waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant Goldstein of its terms and conditions. Defendant Goldstein further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant Goldstein has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant Goldstein in this civil proceeding. Defendant Goldstein acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant Goldstein waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant Goldstein further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission

based on the entry of the injunction in this action, Defendant Goldstein understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant Goldstein understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant Goldstein agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Goldstein hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant Goldstein breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant Goldstein's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation in which the Commission is not a party.

12.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant Goldstein (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant Goldstein's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and

any applicable local rules, provided that the party requesting the testimony reimburses Defendant Goldstein's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant Goldstein in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant Goldstein hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant Goldstein to defend against this action. For these purposes, Defendant Goldstein agrees that Defendant Goldstein is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant Goldstein agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant Goldstein agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Jan. 9, 2007

_____
Melvyn C. Goldstein

On JAN. 9, 2007 Melvyn Goldstein, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

CAROL PELLEGRINO
NOTARY PUBLIC - STATE OF NEW YORK
No. 4984958
Qualified in Nassau County
My Commission Expires August 5, 20_09_

Approved as to form:

_____
Eric Tirschwell, Esq.
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-8404
Attorney for Defendant